## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

GLADYS RIVERA-CARRION, et al.    *
                                 *

       Plaintiffs              *
                                   *

v.                                 *        **Civil No. 08-1498 (SEC)**
                                   *

UNITED STATES OF AMERICA, et al  *
                                   *

       Defendants           *
*********************************

## OPINION & ORDER

Pending before this Court are Co-defendants the United States of America, Department of Health and Human Services, and Dr. Iris Oquendo's (hereinafter Defendants) Motion to Dismiss (Docket # 27) and Second Motion to Dismiss (Docket # 48), along with Plaintiffs'[1] oppositions thereto (Dockets ## 39 & 52). Furthermore, Defendants have filed a Motion to Substitute Party (Docket # 26) and an Amended Motion to Substitute Party (Docket # 56), which includes Co-defendant Gurabo Community Health Center (hereinafter "GCHC"). For the reasons set forth below, Defendants' Motion to Dismiss and Second Motion to Dismiss are **DENIED**, and Defendants' Amended Motion to Substitute Party is **GRANTED**.

---

[1] The Plaintiffs are the minor Betsy Roman-Rivera and her mother Gladys Rivera-Carrion.

**Factual and Procedural Background**

This Court notes that filings from both parties have been deficient. Plaintiffs' claim is deficient, because there is a dearth of specificity pertaining to the series of the medical interventions that are alleged to have constituted tortious malpractice against Co-plaintiff Betsy Roman-Rivera (hereinafter "Ms. Roman"). Only using the subsequent pleadings has this Court constructed a rough time-line, allowing preliminary conclusions as to the timeliness and potential validity of the claim. With the information before this Court at the moment, the jurisdictional analysis will be focused on two sets of allegations, one from Plaintiffs and one from Defendants. This Court also notes that Defendants' filings were wanting, in as much as they do not include specific record citations. See Local Rule 10(a). Based on the aforementioned deficiencies the filings could be struck from the record, but because it is in the best interest of judicial efficiency, this Court has pieced together a factual back ground using Defendants' two motions to dismiss, and Plaintiffs' responses thereto, as the basis of its analysis.

Defendants allege, on the basis of Plaintiffs' administrative claims, that the minor Ms. Roman, who is being represented in this action by her mother Gladys Rivera-Carrion (hereinafter "Ms. Rivera"), received medical treatment at GCHC between the years 2000 and 2005 for a growth on her leg. See Docket # 27-2, Exh. 1. Plaintiffs allege that this treatment was negligent, and that it lead to Ms. Roman having a large portion of her calf removed. Plaintiffs also allege that they were only alerted to the fact that Ms. Roman had been subject to negligent medical treatment on May 24, 2005, after a consultation with a doctor not

associated with GCHC. See Docket # 1 at 5.

Defendants do not dispute Ms. Roman's medical condition. The basis for their motion to dismiss is the allegation that from the pleadings and the existing record it is plainly obvious that a reasonable person would have detected the malpractice in 2002, or at the latest in 2003, after Ms. Roman's condition reoccurred. See Docket # 48 at 5-6; Docket # 27 at 3. Furthermore, Defendants allege that one Co-defendant, Dr. Iris Oquendo (hereinafter "Dr. Oquendo") only treated Ms. Roman after her employer, GCHC, was deemed a federal facility for purposes of the FTCA. See Docket # 48, 2-3. From the documents submitted, it appears that Plaintiffs alleged in their administrative complaint that Dr. Oquendo began to offer treatment to Ms. Roman in 2004. See Docket # 27-2 at 6.

After allegedly becoming cognizant of the malpractice suffered by Ms. Roman, Plaintiffs filed suit in the Puerto Rico Court of First Instance - Caguas Section, on May 15, 2006. See Docket 39-6, Exh. III. Their suit was removed by Defendants on June 12, 2007, and then dismissed without prejudice by this Court on exhaustion grounds on March 17, 2008. Rivera-Carrion v. Miranda, Civ. No. 07-1504 at Docket # 18 (D.P.R. removed on June, 12, 2007). After dismissal of their first action, Plaintiffs filled an administrative complaint on approximately May 22, 2007. Docket # 27-2, Exh. 1.   After going through agency channels a second Complaint (Docket # 1) was filed in this Court, in April, 2008, and Plaintiffs' administrative claims were denied on September 18, 2008. See Docket # 27-2 at 2.

This Court also notes that Defendants have alleged that Plaintiffs failed to plead the

elements of proof required by a Puerto Rico medical malpractice case. The allegations will be struck from the record, because they are not accompanied by record citations, and because, on their face, Defendants's allegations fail to make pleadings that could substantiate grounds for dismissal on this non-jurisdictional ground. Plaintiffs have stated the general cause of action in paragraphs 21-31 of their Complaint (Docket # 1). A motion for summary judgment, presenting the facts surrounding Ms. Roman's treatment would be a more appropriate vehicle for these allegations.

### Standard of Review
*Fed. R. Civ. P. 12(b)(1)*

Fed. R. Civ. P. 12(b)(1) is the proper vehicle for challenging a court's subject matter jurisdiction. Valentín v. Hospital Bella Vista, 254 F.3d 358, 362-63 (1st Cir. 2001).  Under this rule, a wide variety of challenges to the Court's subject matter jurisdiction may be asserted, among them those based on sovereign immunity, ripeness,  mootness, and the existence of a federal question.  Id. (citations omitted). When faced with a similar jurisdictional challenge,  this Court must ". . . give weight to the well-pleaded factual averments in the operative pleadings [. . .] and indulge every reasonable inference in the pleader's favor." Aguilar v. U.S. Immigration and Customs Enforcement Div. of Dept. of Homeland Sec., 510 F.3d 1, 8 (1st Cir.2007).

A plaintiff faced with a motion to dismiss for lack of subject matter jurisdiction has the burden to demonstrate that such jurisdiction exists. See Lord v. Casco Bay Weekly, Inc., 789 F. Supp. 32, 33 (D. Me. 1992); see also SURCCO V. PRASA, 157 F. Supp. 2d 160, 163 (D.

P.R. 2001). In this context, this Court is empowered to resolve factual disputes by making reference to evidence in the record beyond the plaintiff's allegations without having to convert the motion to dismiss into one for summary judgment. Id. "Where a party challenges the accuracy of the pleaded jurisdictional facts, the court may conduct a broad inquiry, taking evidence and making findings of fact." Hernández-Santiago v. Ecolab, Inc., 397 F. 3d 30 (1st Cir. 2005). Therefore, the court may consider extrinsic materials, "and, to the extent it engages in jurisdictional fact-finding, is free to test the truthfulness of the plaintiff's allegations." Dynamic, 221 F. 3d at 38. That is, the principle of conversion of a motion to dismiss into a motion for summary judgment when extrinsic materials are reviewed, does not apply in regards to a motion to dismiss for lack of subject matter jurisdiction. Id

   *Fed. R. Civ. P. 12(b)(6)*

   In assessing whether dismissal for failure to state a claim is appropriate, the court must take "plaintiffs' well-pleaded facts as true and [indulge] all reasonable inferences therefrom to their behoof." Buck v. American Airlines, Inc., 476 F. 3d 29, 32 (1st Cir. 2007). "In conducting that tamisage, however, bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like need not be credited." Id. at 33; see also Rogan v. Menino, 175 F.3d 75, 77 (1st Cir. 1999). Therefore, "even under the liberal pleading standards of Federal Rule of Civil Procedure 8, the Supreme Court has recently held that to survive a motion to dismiss, a complaint must allege 'a plausible entitlement to relief.'" Rodríguez-Ortíz v. Margo Caribe, Inc., 490 F.3d 92 (1st Cir. 2007). Complaints do not need detailed factual allegations. Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007). However, factual allegations

must be enough to raise a right to relief above the speculative level. Id.

**Applicable Law and Analysis**

The applicable law for this case must be divided into two periods. The first is before January 1, 2004, when the GCHC was not covered by the Federal Tort Claims Act ( hereinafter "FTCA"), and the second starts on said date when GCHC gained coverage under the statute. See Docket # 27 at 5; Docket # 27-2 at 2. Before 2004 the case arises out of Commonwealth law, because no federal party is alleged to have participated in the treatment of Ms. Roman. As such, the applicable statutes before 2004 are Articles 1802 & 1868 of the Civil Code of Puerto Rico, P.R. Laws Ann. tit. 31, § 5141; P.R. Laws Ann. 31, § 5298(2). After GCHC gained federal coverage, the FTCA preempts all state law claims.

*Timeliness Article 1802*

As mentioned above, Defendants argue that Plaintiffs should have become aware of their cause of action at the latest in 2003, and thus the claim is time-barred under the Federal Tort Claims Act. Plaintiffs allege that they became aware of the presence of malpractice on May 24, 2005, and that there filings are, as such, timely.

Puerto Rico law affords one year to file suit in a medical malpractice action after "'the aggrieved person [has] knowledge thereof.'" Ortiz v. Municipio De Orocovis, 13 P.R. Offic. Trans 619, 113 P.R. Dec. 484, 485 (1982). The statute of limitations does not wait for the injury to "reach its final degree of development," but it does not run until there is knowledge of the malpractice.  Furthermore, the knowledge is not merely of the injury, but also of the

causal link between the injury and the occurrence of negligence. Guzman-Camacho v. State Ins. Fund Corp., 418 F. Supp. 2d 3, 9 (D.P.R. 2006); see also Rivera Encarnacion v. E.L.A., 13 P.R. Offic. Trans. 498, 113 P.R. Dec. 383, 386 (1982). This requires knowledge of the injury, and the person who caused it. Torres v. E.I. Dupont de Nemours & Co., 219 F.3d 13, 18 (1st Cir. P.R. 2000) (citing Colon Prieto v. Geigel, 15 P.R. Offic. Trans. 313, 330, 115 P.R. Dec. 232, 246 (1984)). However, in Puerto Rico, children do not reach legal age until their 21st birthday, and local jurisprudence has clearly established that, "as a rule, the statute of limitations does not run against minors." Rodriguez-Aviles v. Rodriguez-Beruff, 17 P.R. Offic. Trans. 736, 117 P.R. Dec. 616, 620 (1986); see also De Jesus v. Chardon, 16 P.R. Offic. Trans 290, 116 P.R. Dec. 238 (1985).

According to Plaintiffs' uncontroverted allegations, Ms. Roman was a minor when this claim was filed. See Docket # 1 at 2. As such, the statute of limitations for all claims arising under Article 1802 were tolled for her.  However, her mother's claims were not tolled, because she did not enjoy the same protection due to minority. As an adult, Ms. Rivera was obligated to bring her own claim within the one-year statute of limitations set forth in Article 1868. Plaintiffs allege they filed suit on May 15, 2006, which is supported by the record. Docket # 39-2 at 2; see also Docket # 39, Exh. II. This date falls within the one-year statute of limitations.

Defendants present a different date of accrual. They repeatedly argue that Plaintiff should have had knowledge of the malpractice at the latest by August 25, 2003. See, e.g., Docket # 48 at 6.  Their argument is based on the fact that Plaintiffs were informed on said

date that the mass on Ms. Roman's calf had recurred. Notwithstanding, Defendants do not provide record citations for their allegation. Id.

Furthermore, this Court does not agree *prima facie* with Defendants that the recurrence of Ms. Roman's condition should have alerted a reasonable person to the presence of a medical tort. Patients, who generally have little or no knowledge of medicine,  operate under the assumption that they are receiving adequate treatment, and the mere knowledge that one's condition has not been cured does not necessarily suggest medical malpractice.  As such, elucidating which of these two competing claims is correct requires a fact-driven inquiry that is not possible at this juncture, and would be more appropriate as a motion for summary judgment after discovery has been completed.

Accordingly, at present there is not enough evidence before this Court to make a determination regarding the date of accrual of the present action. Holding Plaintiffs' allegation regarding accrual as true, the suit was presented within the one-year statute of limitations set forth by Article 1802. For the aforementioned reasons, Defendants motion to dismiss for Plaintiffs' Article 1802 claims is hereby **DENIED**.

*Timeliness FTCA*

The statue of limitations for claims under the FTCA is controlled by 28 U.S.C.A. § 2401(b), which states:

> (b) A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

The First Circuit has in the past recognized that minority does not toll the statute of limitations in FTCA cases. Tessier v. U.S., 269 F.2d 305, 310 (1959). More recently, other circuits have discussed this issue and come to the same conclusion. See, eg., Wison ex rel. Wilson v. Gunn, 402 F.3d 524, 526 (8th Cir. 2005)(holding "Infancy does not ordinarily toll the FTCA statute of limitations"); McCall v. United States, 310 F.3d 984, 986-87 (7th Cir. 2002). However, as Defendants admit, a claim does not accrue until a plaintiff becomes cognizant of facts and information that using an objective standard would ". . . prompt a reasonable person to inquire and seek advice preliminary to deciding if there is a basis for filing an administrative claim against the government." Callahan v. U.S., 426 F.3d 444, 451 (1st Cir. 2005). In other words, accrual is subject to a "discovery rule," where the statute of limitations on a medical malpractice claim does not run until the Plaintiff identifies, or should have discovered, the factual basis for the cause of action. Ramirez-Carlo v. United States, 496 F.3d 41, 46 (1st Cir. P.R. 2007); see also Gonzalez v. United States, 284 F.3d 281, 288 (1st Cir. 2002).

This Court recognizes that for all FTCA claims, unlike Article 1802 claims, Ms. Roman's status as a minor would not toll the statute of limitations. Accordingly, Defendants' timeliness  arguments apply to both mother and daughter.  However, as discussed in the previous section, Plaintiffs allege that they became cognizant of their injury from medical malpractice on May 24, 2005, and Defendants have not yet presented evidence that would allow a determination that the date of accrual is any other than that alleged in the complaint.

If the complaint accrued on May 24, 2005, then under the FTCA, the statute of

limitations permitted Plaintiffs two years to file an administrative, or judicial claim. Plaintiffs first filed a state law claim on May 15, 2006, which was removed on June 12, 2007 to this Court, and eventually dismissed without prejudice for lack of exhaustion of administrative remedies. See Rivera-Carrion v. Miranda, Civ. No. 07-1504 at Docket # 18 (D.P.R. removed on June, 12, 2007). Likewise, an administrative claim was filed no later than May 22, 2007, and is stamped as received by Defendants on May 24, 2007. See Docket # 27-2, Exh. 1.  On April 30, 2008, a second Complaint (Docket # 1) was filed in this Court, and Plaintiffs' administrative claims were denied on September 18, 2008. See Docket # 27-2 at 2.

Defendants argue that this claim is not timely, again without including record citations as required by Local Rule 10(a), and entirely relying on the argument that the date of accrual was necessarily no later than August 25, 2003. See Docket # 48 at 7. However, FTCA claims require that "an administrative claim be filed and finally denied. . ." Celestine v. Mount Vernon Neighborhood Health Center, 283 F. Supp. 2d 392, 399 (S.D.N.Y. 2003); McNeil v. United States, 508 U.S. 106, 113 (1993). Defendants have not proffered new arguments on exhaustion grounds. In fact, Defendants admit that the filing of Plaintiffs' original state law claim could have tolled the statute of limitations for filing the administrative claim. Id. From the record, it is clear that Plaintiffs filed an administrative complaint, whether or not it was denied before this suit was brought. The possible relevance of that issue cannot be decided at this time.

Nevertheless, an examination of the record show that, assuming accrual occurred in May, 2005, Plaintiffs filed both a state court suit, and a federal administrative claim, within

the two-year statute of limitations. Contrary to Defendants' allegations this Court cannot conclude that Plaintiffs' FTCA cause of action is time barred. Therefore, Defendants' motions to dismiss (Dockets ## 27 & 48) are **DENIED**.

### Motions to Substitute

Defendants' Motion to Substitute (Dockets # 26) and Amended Motion to Substitute (Docket # 56), which adds GCHC, are predicated on their assertion that 28 U.S.C. 2679(b)(1) mandates that the exclusive remedy under the FTCA is against the United States of America. This Court agrees that the FTCA provides federal government employees and officers immunity from medical malpractice claims, when the Attorney General, or his designee so certifies their coverage. See Celestine, 283 F. Supp. 2d at 395 (S.D.N.Y. 2003)(holding that "Once deemed a PHS employee, a community health center enjoys immunity from those acts that relate to its employment, and any actions against it are treated as actions against the United States. 42 U.S.C. § 233(a)."). Even though the first Motion to Substitute Party was filed on October 22, 2008, Plaintiffs have not opposed on the merits Defendants allegations that after 2004 the only party in this suit should be the United States of America. Their inactivity shall be interpreted as acquiescence.

Consequently, there is no relevant controversy in terms of the substitution of parties covered by the FTCA after January 1, 2004. This Court shall grant Defendants' Amended Motion to Substitute, **NOTE** the first Motion to Substitute,  and **DISMISS** all post-2004 claims against the U.S. Department of Health and Human Services, the U.S. Public Health Service, GCHC, and Dr. Oquendo, **SUBSTITUTING** in their place the United States of

America. The FTCA does not cover pre-January 1, 2004, claims against GCHC, so it shall remain a party liable to all of Plaintiffs' Article 1802 causes of action. However, as Plaintiffs' own administrative compliant acknowledges that Dr. Oquendo did not offer treatment to Plaintiffs until 2004, all claims against her shall be **DISMISSED WITH PREJUDICE**.

**Conclusion:**

In light of the above discussion, Defendants' motions to dismiss (Docket ## 27 & 48) are **DENIED,** Defendants' Motion to Substitute Part (Docket # 26) is **NOTED,** and Defendants' Amended Motion to Substitute Party (Docket # 56) is **GRANTED**. Plaintiffs' claims against Dr. Oquendo, the U.S. Department of Health and Human Services, and the U.S. Public Health Service are **DISMISSED with Prejudice**. Partial judgment will be entered accordingly.

**SO ORDERED.**

In San Juan, Puerto Rico, this 18th day of February, 2009.


S/ *Salvador E. Casellas*

SALVADOR E. CASELLAS

United States Senior District Judge