IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

GLADYS RIVERA CARRION, et. al.

    Plaintiffs

              v.

UNITED STATES OF AMERICA, et. al.

    Defendants

**Civil No.** 08-1498 (SEC)

**Opinion & Order**

Pending before this Court is Co-Defendants Maximino Miranda, Jane Doe, and the Conjugal Partnership Miranda-Doe's (collectively "Miranda") Motion to Dismiss for lack of subject matter jurisdiction (Docket # 75), and Plaintiffs opposition thereto (Docket # 84). After reviewing the filings, their exhibits, and the applicable law, Miranda's motion to dismiss is **DENIED**.

**Factual and Procedural Background**

The present lawsuit was brought by Co-plaintiff Betsy Roman-Rivera ("Roman"), a minor represented by her mother Gladys Rivera-Carrion (hereinafter "Rivera"), for medical malpractice against Miranda, Gurabo Community Health Center (hereinafter "GCHC"), and the United States of America ("United States"). The original complaint also included various other parties for whom the claims against them have since been dismissed. See Dockets ## 54 & 58.

Roman received medical treatment at GCHC between the years 2000 and 2005 for a growth on her leg. See Docket # 27-2, Exh. 1. Plaintiffs allege that this treatment was negligent, and that it lead to Roman having a large portion of her calf removed. Plaintiffs also allege that they were only alerted to the fact that Roman had been subject to negligent medical treatment on May 24, 2005, after a consultation with a doctor not associated with GCHC. See Docket # 1 at 5. On January 1, 2004, during the time Roman was a patient of GCHC, the clinic gained

**CIVIL NO. 08-1498 (SEC)**                                                                                    Page 2

malpractice coverage under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-2680. See Docket # 75 at 4. Accordingly, this Court has federal question jurisdiction over the present action for all claims after January 1, 2004. Plaintiffs have also brought claims under the Commonwealth of Puerto Rico's general tort statutes, Articles 1802 and 1803 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31, §§ 5141 & 5142, against GCHC and Miranda for alleged malpractice occurring before 2004.

Responding to the Article 1802 claims, Miranda has brought the present motion to dismiss alleging that the lack of a federal question claim before 2004 bars any Commonwealth law claims from preceding years. To defend this assertion, Miranda offers the following syllogism:

> The only cause of action, as claimed by plaintiff, against Miranda arises from state law, specifically under Article 1802 of the Civil Code. This cause of action cannot, by itself, create federal jurisdiction between plaintiffs and Miranda. In order to prevail, plaintiff has to assert and prove that during Miranda's intervention with Roman, the FTCA is applicable. Nevertheless, the Department of Health and Human Services has certified that the GCHC was not eligible for funds from the FTCA. Consequently, said legislation is inapplicable for the years 2001 and 2002, thus there is no federal question that can be asserted for those years. If there is no federal question that can establish federal jurisdiction and there is no diversity among parties, there is no jurisdiction regarding Miranda's cause that could only be asserted at State Court.

See Docket # 75 at 5. Plaintiffs have opposed this conclusion, arguing that this Court does entertain jurisdiction over the claims against Miranda because they arise from the same treatment continuum, and are thus covered by supplemental jurisdiction.

**Standard of Review**
*FED. R. CIV. P. 12(b)(1)*

FED. R. CIV. P. 12(b)(1) is the proper vehicle for challenging a court's subject matter jurisdiction. Valentín v. Hospital Bella Vista, 254 F.3d 358, 362-63 (1st Cir. 2001). Under this rule, a wide variety of challenges to the Court's subject matter jurisdiction may be asserted,

**CIVIL NO. 08-1498 (SEC)**                                                                                                              Page 3

among them those based on sovereign immunity, ripeness, mootness, and the existence of a federal question. Id. (citations omitted). When faced with a similar jurisdictional challenge, this Court must ". . . give weight to the well-pleaded factual averments in the operative pleadings [. . .] and indulge every reasonable inference in the pleader's favor." Aguilar v. U.S. Immigration and Customs Enforcement Div. of Dept. of Homeland Sec., 510 F.3d 1, 8 (1st Cir.2007).

A plaintiff faced with a motion to dismiss for lack of subject matter jurisdiction has the burden to demonstrate that such jurisdiction exists. See Lord v. Casco Bay Weekly, Inc., 789 F. Supp. 32, 33 (D. Me. 1992); see also SURCCO V. PRASA, 157 F. Supp. 2d 160, 163 (D. P.R. 2001). However, in order for a plaintiff's claim to be dismissed for lack of subject matter jurisdiction, due to the inadequacy of the plaintiff's federal claim, that claim must be ". . . so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy." Oneida Indian Nation of N.Y. v. County of Oneida, 414 U.S. 661, 666 (1974). In this context, this Court is empowered to resolve factual disputes by making reference to evidence in the record beyond the plaintiff's allegations without having to convert the motion to dismiss into one for summary judgment. See Lord, 789 F. Supp. at 33 (D. Me. 1992); see also SURCCO, 157 F. Supp. 2d at 163. "Where a party challenges the accuracy of the pleaded jurisdictional facts, the court may conduct a broad inquiry, taking evidence and making findings of fact." Hernández-Santiago v. Ecolab, Inc., 397 F. 3d 30 (1st Cir. 2005). Therefore, the court may consider extrinsic materials, "and, to the extent it engages in jurisdictional fact-finding, is free to test the truthfulness of the plaintiff's allegations." Dynamic, 221 F. 3d at 38. That is, the principle of conversion of a motion to dismiss into a motion for summary judgment when extrinsic materials are reviewed, does not apply in regards to a motion to dismiss for lack of subject matter jurisdiction. Id.

**CIVIL NO. 08-1498 (SEC)**                                                                                                                        Page 4

### Applicable Law and Analysis

The question before this Court is whether supplemental federal jurisdiction should apply to Plaintiffs' pre-2004 claims. Federal courts have exercised some form of supplemental jurisdiction since the early 19th Century. Osborn v. Bank of the United States, 22 U.S. (9 Wheat.) 738, 823 (1824). With regards to pendant party jurisdiction, the Congress has stated that it "shall include claims that involve the joinder or intervention of additional parties." 28 U.S.C. § 1367(a). This language originates from 1990 Congressional legislation that superseded Finley v. United States, 490 U.S. 545, 109 S. Ct. 2003, 104 L. Ed. 2d 593 (1989), a case that had rejected pendant party jurisdiction. Alvarez Torres v. Hosp. Ryder Mem., Inc., 308 F. Supp. 2d 38, 41 (D.P.R. 2004). Accordingly, the abovementioned policy in § 1367(a) aims ". . . to permit a case – one common nucleus of operative facts – to be tried in a single court[,]" and thus avoid having to bring suit in two different forums. Erwin Chemerinsky, Federal Jurisdiction 351 (5th ed. 2007). Circuit courts have stated that "[t]he question under section 1367(a) is whether the supplemental claims are so related to the original claims that they form part of the same case or controversy, or in other words, that they 'derive from a common nucleus of operative fact.'" Mendoza v. Murphy, 532 F.3d 342, 346 (5th Cir. 2008) (citing United Mine Workers of America v. Gibbs, 383 U.S. 715, 725, 86 S. Ct. 1130, 16 L. Ed. 2d 218 (1966)).

In the present lawsuit, the federal and state are facially related to the same core factual issues, which involve possible medical malpractice at GCHC between the years 2000 and 2006. Plaintiffs claim that, throughout the treatment continuum, Roman's treating physicians acted negligently in both the diagnosis and care offered, leading to the permanent mutilation of her calf area. Given that Plaintiffs theory involves intertwining allegations of treatment from various doctors, during several years, should medical negligence be found, it is highly probable that

GCHC, Miranda, and the United States would be found jointly and severally liable. Therefore, this Court concludes that Plaintiffs Article 1802 and FTCA claims originate from a common nucleus of operative facts, and splitting the causes of action would do nothing to promote judicial efficiency or the interests of justice.

In light of the above, this Court finds that supplemental, or pendant party, federal jurisdiction exists over Plaintiffs' pre-2004 claims against GCHC and Miranda. Accordingly, the motion to dismiss is **DENIED.**

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 9th day of July, 2009.

*S/ Salvador E. Casellas*
SALVADOR E. CASELLAS
United States District Judge