**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| GLADYS RIVERA CARRION, et al. * <br> * <br> Plaintiff * <br> v. * <br> * <br> UNITED STATES OF AMERICA, * <br> et al. * <br> * <br> Defendant * <br> ************************************ | **Civil No. 08-1498(SEC)** |

**OPINION AND ORDER**

Pending before the Court is Co-defendant Dr. Maximino Miranda ("Miranda"), Jane Doe, and the Miranda-Doe's (hereinafter jointly "Co-defendant") Motion for Summary Judgment (Dockets ## 95-97), and Plaintiffs' opposition thereto (Dockets # # 115-188), as well as a Reply to said opposition (Docket # 122), and a subsequent Sur-Reply (Docket # 124). After reviewing the parties' filings and the applicable law, Co-defendant's motion for partial summary judgment is hereby **DENIED**.

**Factual Background:**

Because the instant motions are for summary judgment, both parties must comply with the requirements of Local Rule 56, and file a statement of facts, set forth in numbered paragraphs, and supported by record citations. See Local Rule 56(b). Additionally, the party opposing the motion, must:

> submit with its opposition a separate, short, and concise statement of material facts. The opposition shall **admit, deny or qualify** the facts **by reference to each numbered paragraph** of the moving party's statement of material facts and unless a fact is admitted shall support each denial or qualification by a record citation as required by this rule. a record citation as required by subsection (e) of this rule."

Local Rule 56(c)(emphasis added). If the opposing party wants to put forth additional facts, it may do so "in a separate section [with] separate numbered paragraphs supported by a record citation as required by subsection (e) of [the] rule...." Id.

Co-defendant complied with this rule and submitted a Statement of Uncontested facts (Docket # 96)(hereinafter "SUF"), numbered, and supported by record citations. Plaintiffs

opposed in accordance with the Local Rules, and also provided their own Opposing Statement of Uncontested Facts ("OSUF"), which Co-defendant did not oppose. See Docket # 115 at 7-14. Because Co-defendant failed to deny, affirm, or qualify Plaintiffs' OSUF, the facts contained therein shall be deemed admitted by virtue of Local Rule 56(c). See Cabán-Hernández v. Philip Morris USA, Inc., 486 F.3d 1, 7(1st Cir. 2007).

As discussed in this Court's prior Opinion & Order (Docket # 107), the present lawsuit was brought by Co-plaintiff Betsy Roman-Rivera ("Roman"), a minor represented by her mother Gladys Rivera-Carrion (hereinafter "Rivera"), for medical malpractice against Miranda, Gurabo Community Health Center (hereinafter "GCHC"), and the United States of America ("United States").

Roman received medical treatment at GCHC between the years 2000 and 2005 for a growth on her leg. Id. Plaintiffs allege that this treatment was negligent, and that it led to Roman having a large portion of her calf removed. Plaintiffs also allege that they were only alerted to the fact that Roman had been subject to negligent medical treatment on May 24, 2005, after a consultation with a doctor not associated with GCHC. See Docket # 1 at 5. Plaintiffs allege that Miranda treated Roman on multiple occasions between 2000-2002, and that he failed to provide medically adequate treatment, and diagnosis of her condition.

Co-defendant bases his motion for summary judgment on the argument that he is not personally liable in this case due to the fact that, at all relevant times, he was acting as an employee of the University of Puerto Rico, and that 26 L.P.R.A. § 4105 and the Eleventh Amendment provides him immunity as an employee of the University of Puerto Rico. However, Plaintiffs contest that Miranda also treated her in his position as a salaried physician at the GCHC.

Having described the general context of this suit, the uncontested facts are as follows:

Between 2000 and 2002 Miranda acted as an attending physician and as Clinical

Medical Director at GCHC.[1] OSUF # 1, Docket # 115.  During the period relevant to the present suit, Miranda sometimes operated at GCHC in a supervisory capacity of U.P.R. medical students due to an *ad honorem* Assistant Professor appointment at the U.P.R. Medical Sciences Campus. SUF # 1, Docket # 96.

Plaintiffs allege that Miranda saw Roman as a patient beginning in November, 2000, and that on various occasions both leading up to her 2001 surgery, and subsequently to the same, he was the only doctor who treated her. OSUF # 3.  Beginning in 2000, Miranda treated Roman at medical offices inside GCHC, not exclusively at its Minor Surgery Clinic. OSUF ## 7 & 14.  Besides various the various other visits alleged by Plaintiffs, Miranda performed two minor surgical interventions on Roman at the Minor Surgery Clinic, first on January 22, 2001, and then on June 5, 2002.  The U.P.R. certifies that on May 6, 2002, Miranda was assisted by Family Medicine Resident Dr. Nilsa Sanchez, but that for the second intervention it is unable to certify if a resident or medical student was present. Docket # 96-2. Miranda asserts that, according to GCHC's certified medical records, Miranda's name only appears in Roman's record in relation to these two interventions. SUF # 4. Finally, this Court accepts Co-defendant's statement that the University of Puerto Rico is a public instrumentality. SUF # 5.

**Standard of Review**

The Court may grant a motion for summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED.R.CIV.P. 56(c); See also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Ramírez Rodríguez v. Boehringer Ingelheim, 425 F.3d 67, 77 (1st Cir. 2005).   In reaching such a determination, the Court may not weigh the

---

[1] Beginning in 2000, Miranda had a forty-hour a week Physician's Contract with GCHC, and received a monthly salary of $6,258. Docket # 75-2.

**Civil No. 08-1498(SEC)**                                                                                                                    4

evidence. Casas Office Machs., Inc. v. Mita Copystar Am., Inc., 42 F.3d 668 (1st Cir. 1994). At this stage, the court examines the record in the "light most favorable to the nonmovant," and indulges all "reasonable inferences in that party's favor." Maldonado-Denis v. Castillo-Rodríguez, 23 F.3d 576, 581 (1st Cir. 1994).

Once the movant has averred that there is an absence of evidence to support the nonmoving party's case, the burden shifts to the nonmovant to establish the existence of at least one fact in issue that is both genuine and material. Garside v. Osco Drug, Inc., 895 F.2d 46, 48 (1st Cir. 1990) (citations omitted). "A factual issue is 'genuine' if 'it may reasonably be resolved in favor of either party and, therefore, requires the finder of fact to make 'a choice between the parties' differing versions of the truth at trial.'" DePoutout v. Raffaelly, 424 F.3d 112, 116 (1st Cir. 2005)(quoting Garside, 895 F.2d at 48 (1st Cir. 1990)).

In order to defeat summary judgment, the opposing party may not rest on conclusory allegations, improbable inferences, and unsupported speculation. See Hadfield v. McDonough, 407 F.3d 11, 15 (1st Cir. 2005) (citing Medina-Muñoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990). Nor will "effusive rhetoric" and "optimistic surmise" suffice to establish a genuine issue of material fact. Cadle Co. v. Hayes, 116 F.3d 957, 960 (1st Cir. 1997). Once the party moving for summary judgment has established an absence of material facts in dispute, and that he or she is entitled to judgment as a matter of law, the 'party opposing summary judgment must present definite, competent evidence to rebut the motion.' Méndez-Laboy v. Abbot Lab., 424 F.3d 35, 37 (1st Cir. 2005) (quoting Maldonado-Denis v. Castillo Rodríguez, 23 F.3d 576, 581 (1st Cir. 1994). "The non-movant must 'produce specific facts, in suitable evidentiary form' sufficient to limn a trial-worthy issue. . . . Failure to do so allows the summary judgment engine to operate at full throttle." Id.; see also Kelly v. United States, 924 F.2d 355, 358 (1st Cir. 1991) (warning that "the decision to sit idly by and allow the summary judgment proponent to configure the record is likely to prove fraught with consequence."); Medina-Muñoz, 896 F.2d at 8, quoting Mack v. Great Atl. & Pac. Tea Co., 871 F.2d 179, 181 (1st Cir. 1989) (holding that "[t]he evidence

**Civil No. 08-1498(SEC)** 5

illustrating the factual controversy cannot be conjectural or problematic; it must have substance in the sense that it limns differing versions of the truth which a factfinder must resolve.").

Moreover, FED. R. CIV. P. 56 allows an entry of partial summary judgment. Section 6 thereof provides that "[a] summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages."

**Applicable Law and Analysis**

Puerto Rico law provides immunity for those doctors, and other health care providers, who provide services at state run facilities, or as part of their duties as employees of the Commonwealth of Puerto Rico. Colon v. Ramirez, 913 F. Supp. 112, 119 (D.P.R. 1996). The law clearly states as follows:

> No health services professional may be included as a defendant in a civil action for damages involving medical malpractice fault or negligence caused in the performance of his/her profession while said health services professional acts in compliance with his/her duties and functions as an employee of the Commonwealth of Puerto Rico, its dependencies, instrumentalities, the Comprehensive Cancer Center of the University of Puerto Rico and municipalities or as personnel under contract thereto, while acting in compliance with his/her duties and functions in the fields of obstetrics, orthopedics, general surgery and trauma in a medical-hospital facility property of the Commonwealth of Puerto Rico, its dependencies, instrumentalities and/or municipalities, regardless of whether said facility is being administered or operated by a private entity. P.R. Laws Ann. 26 § 4105 . . .

The case law cited by Co-defendant states that part time Assistant Professors with the UPR are entitled to immunity from suit when they are providing services for said university, not in their private practice. Rivera v. Hospital Universitario, 762 F.Supp. 15, 19 (D.P.R. 1991). Accordingly, *arguendo* that *ad honorem* Assistant Professors enjoy immunity under certain limited circumstances, the question at bar is not whether Miranda's appointment could have provided immunity, rather if he acted as an employee of the UPR at all relevant time he offered treatment to Plaintiff.

For the reasons set forth below, this Court believes that there is evidence on the record

**Civil No. 08-1498(SEC)**  6

to support a claim that he in fact treated Roman in his capacity as an employee of GCHC. Plaintiffs have proffered evidence controverting Miranda's allegations that he was acting within the scope of his duties as an *ad honorem* Assistant Professor. See OSUF # 2,3, 7 & 14. In fact, it appears that Miranda may well have received Roman in various non-surgery related visits, which included the initial diagnosis of her condition and subsequent follow-up. OSUF ## 13-16. This makes sense given that Miranda received a full-time salary from GCHC and no remuneration from the U.P.R., so a reasonable inference can be made that his duties for the latter were of a limited nature.

Furthermore, Co-defendant has failed to properly define the scope of Miranda's *ad honorem* appointment, and failed to provide this Court with a way of analyzing when Miranda worked for GCHC and when he functioned as an employee of the U.P.R. Co-defendant's assertion that Miranda's name only appears twice in Roman's medical records, corresponding to the January 22, 2001 and June 5, 2002, interventions is also ambagious. See Docket # 96-3 at 2. The U.P.R. certifies that at the 2002 minor surgery no U.P.R. medical student or resident was present. It is not clear if this statement is limited to Miranda's actions at the Minor Surgery Clinic, and artfully avoids mentioning Roman's other visits to GCHC. Furthermore, even if these were the only dates Miranda treated Roman, which appears improbable, there is no record of a student being present on June 5, 2002, which makes Miranda's claim of immunity appear even more dubious.

As such, giving Plaintiffs the benefit of the inferences the motion for summary judgment stage affords the non-movant, this Court must conclude that at best there is a material controversy of fact as to whether Miranda is entitled to immunity in the present action. Therefore, his Motion for Summary Judgment is **DENIED.**

**Conclusion**

For the reasons set forth above, Defendant's Motion for Summary Judgment is hereby **DENIED**.

**Civil No. 08-1498** 7

      **SO ORDERED.**
In San Juan, Puerto Rico, this 16th day of November, 2009.

                                 S/ *Salvador E. Casellas*
                                 SALVADOR E. CASELLAS
                                 U.S. Senior District Judge